UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JON E. DENOMIE, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:25-cv-00004 |
| SPRING OAKS CAPITAL SPV, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes JON E. DENOMIE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SPRING OAKS CAPITAL SPV, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

**PARTIES**

4. Plaintiff is a consumer over 18 years of age residing in Gary, Indiana, which lies within the Northern District of Indiana.

5. Defendant is a third party debt collector that holds itself out as being "consumer-focused problem solvers" who offer "flexible self-service options" for consumers to use to resolve their debt."[1] Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 1400 Crossways Boulevard, #100B, Chesapeake, Virginia, 23320.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempt to collect upon a purportedly defaulted consumer obligation ("subject debt") of unknown origin.

8. The subject debt stems from past due payments related to a purported Visa card incurred for personal purposes.

9. Several years ago, Plaintiff was a victim of identity theft, and several accounts were opened in his name that did not belong to him.

10. Upon information and belief, at this point, the subject consumer debt was created.

11. Upon further information and belief, the subject consumer debt was defaulted upon, charged off, and sold to or otherwise placed with Defendant for collections.

12. In approximately the middle of 2024, Defendant began placing phone calls to Plaintiff's cellular phone, (312) XXX-0728, attempting to collect upon the subject debt.

---

[1] https://springoakscapital.com/

13. Defendant has primarily used the phone numbers (331) 269-1729, (331) 269-2009, (312) 748-3809, (312) 748-5028, (331) 269-1499, and upon information and belief, Defendant has used other numbers as well.

14. Upon speaking with Defendant, Plaintiff was informed that it was calling to collect upon the subject debt.

15. Plaintiff informed Defendant that the subject debt was created as a result of identity theft, and that he disputed that he owed the debt.

16. Furthermore, due to the repeated and consistent nature of Defendant's phone calls placed attempting to collect upon the subject debt, Plaintiff demanded that Defendant stop placing phone calls to his cellular phone.

17. Plaintiff further contacted his cellular phone carrier to request that any number connected with Defendant be blocked from contacting him, however, due to the varied nature of the phone numbers Defendant called from, this avenue did not provide Plaintiff a reprieve.

18. Notwithstanding Plaintiff's demands, Defendant continued to place multiple phone calls to Plaintiff's cellular phone attempting to collect upon the subject debt.

19. Defendant further proceeded to contact Plaintiff multiple times daily to attempt to collect on the subject debt.

20. Frustrated, distressed, and concerned at Defendant's continual disregard for his demands to cease contacting him, Plaintiff spoke with the undersigned regarding his rights, resulting in expenses.

21. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to, invasion of privacy, emotional distress, aggravation, being harassed in violation of clear regulations prohibiting such harassment, being subjected to unwanted and unwarranted collection

efforts, and similar violations of his federally protected interests to be free from harassing and abusive debt collection practices.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts, and is similarly a business whose principal purpose is the collection of debts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §§ 1692d, 1692d(5), & 12 C.F.R. § 1006.14**

27. The FDCPA, pursuant to § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in the collection of a debt." Under § 1692d(5), a debt collector cannot cause "a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including

4

"[t]he content of a person's prior communications with the debt collector." An example of facts rebutting the presumptive compliance would be a prior indication that communications cease or that a consumer is otherwise unwilling to meet a debt collector's demand for payment.

29. Even if Defendant's phone calls fall within the presumptively reasonable and permitted frequency of communications with consumers for debt collectors, under Regulation F, there are a number of factors that go about rebutting such presumptive compliance, including the nature and substance of prior communications with consumers and how such consumers responded to a debt collector's collection efforts. *See* 12 C.F.R. § 1006.14(b)(2). Plaintiff clearly communicated that he did not owe the debt, that he was a victim of identity theft, and that he did not want to be contacted further. As such, based on the prior nature of the communications between Plaintiff and Defendant, all phone calls following such a conversation illustrates Defendant's intent to harass Plaintiff through continued phone calls, notwithstanding whether such calls fall within the presumptively reasonable volume and timing of collection attempts.

30. Defendant violated 15 U.S.C. §§ 1692d & 1692d(5), as well as 12 C.F.R. §§ 1006.14(b), through its placement of phone calls to Plaintiff's cellular phone following conversations with Plaintiff wherein it was clear that Plaintiff found Defendant's collection phone calls harassing and unwanted, and further that Plaintiff disputed the nature of the debt. The regulations clarify that consumers who have requested calls to stop or otherwise expressed an unwillingness to comply with a debt collector's demand for payments, yet nevertheless receive further calls, may state claims for continued phone calls notwithstanding a debt collector's compliance with the presumptively reasonable frequency of calls. The nature and pattern of Defendant's phone calls further illustrate the harassing and oppressive intent behind, and nature of, Defendant's calls. Defendant's violations of the relevant statutes and regulations caused Plaintiff harm in the form of

invasion of privacy stemming from Defendant's persistence in placing unwanted phone calls to Plaintiff's cellular phone.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

33. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through his cellular phone despite Plaintiff having made Defendant aware such communications were unwanted. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the debt through undue and deceptive means.

### c. Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by continuing to call Plaintiff's cellular phone despite the nature of the conversations between the parties in which Plaintiff indicated that he did not want to be contacted further and that he disputed the nature of the debt.

WHEREFORE, Plaintiff, JON E. DENOMIE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 6, 2025                                          Respectfully submitted,

<u>s/ Nathan C. Volheim</u> (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com